# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANUELOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GLADYS SANDOVAL, et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-01923---SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

    Plaintiff Robert Banuelos, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 4, 2014.  (ECF No. 1.)  On December 12, 2014, the complaint was screened and an order issued dismissing the complaint for failure to state a claim with leave to file an amended complaint.  (ECF No. 4.)

    Plaintiff filed a first amended complaint on December 22, 2014.  (ECF No. 5.)  On December 31, 2014, findings and recommendations issued recommending dismissing certain claims and defendants.  The findings and recommendations also recommended that Plaintiff be provided with the opportunity to file an amended complaint based on the claim alleging retaliation for Defendant Sandoval's refusal to allow Plaintiff to bring his son gifts and access the recreation yard.  (ECF No. 8.)  On February 4, 2015, the district judge issued an order adopting the findings and recommendations and Plaintiff was ordered to file an amended complaint within thirty days.  (ECF No. 10.)  More than thirty days have passed and Plaintiff has

not filed an amended complaint or otherwise responded to the February 4, 2015 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file a second amended complaint within thirty days of February 4, 2015. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended

1  complaint. Plaintiff has neither filed a second amended complaint nor otherwise responded to
2  the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's
3  ability to move this action towards disposition, and indicates that Plaintiff does not intend to
4  diligently litigate this action.

5  Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
6  rebuttable presumption of prejudice to the defendants in this action. <u>In re Eisen</u>, 31 F.3d 1447,
7  1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for
8  the delay. <u>In re Eisen</u>, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in
9  favor of dismissal.

10  The public policy in favor of deciding cases on their merits is greatly outweighed by the
11  factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This
12  action can proceed no further without Plaintiff's cooperation and compliance with the order at
13  issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this
14  instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

15  Finally, a court's warning to a party that their failure to obey the court's order will result
16  in dismissal satisfies the "consideration of alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262;
17  <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424. The Court's February 4, 2015 order
18  requiring Plaintiff to file an amended complaint expressly stated: "Failure to file a complaint in
19  compliance with this order will result in this action being dismissed for failure to state a claim."
20  (ECF No. 10 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his
21  noncompliance with the Court's order and his failure to state a claim.

22  Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with
23  prejudice, for Plaintiff's failure to state a claim.

24  These findings and recommendations are submitted to the district judge assigned to this
25  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30)
26  days of service of this recommendation, Plaintiff may file written objections to these findings
27  and recommendations with the Court. Such a document should be captioned "Objections to
28  Magistrate Judge's Findings and Recommendations." The district judge will review the

magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 11, 2015**

UNITED STATES MAGISTRATE JUDGE